**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| TERRANCE TURNER, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **COMPLAINT** |
| LOBEL FINANCIAL CORPORATION, | § | Jury Trial Demanded |
| RESOLVION, GP, AND ELITE | § | |
| RECOVERY, LLC, | § | |
| Defendants. | § | |

**NATURE OF ACTION**

1. Plaintiff Terrance Turner ("Plaintiff" or "Mr. Turner") brings this action against Defendants Lobel Financial Corporation ("Lobel"), Resolvion, GP ("Resolvion"), and Elite Recovery, LLC ("Elite") (collectively "Defendants") pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, the Texas Uniform Commercial Code, TEX. BUS. & COM. CODE § 9.101 *et seq.*, the Texas Debt Collection Act ("TDCA"), TEX. FIN. CODE § 392.001 *et seq.*, and Texas common law.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. § 1367, and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendants transact business in this district.

**THE FAIR DEBT COLLECTION PRACTICES ACT**

4. Congress enacted the FDCPA to "eliminate abusive debt collection practices, to ensure that debt collectors who abstain from such practices are not competitively disadvantaged,

and to promote consistent state action to protect consumers." *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) (citing 15 U.S.C. § 1692(e)).

5.   To protect consumers and ensure compliance by debt collectors, "the FDCPA is a strict liability statute [and] proof of one violation is sufficient to support summary judgment for plaintiffs on their federal claim" *Hartman v. Meridian Fin. Servs., Inc.*, 191 F. Supp. 2d 1031, 1046 (W.D. Wis. 2002).

6.   In order to offer the greatest protections to consumers, "the FDCPA is a strict liability statute – a collector 'need not be deliberate, reckless, or even negligent to trigger liability." *Ruth v. Triumph Partnerships*, 577 F.3d 790, 800 (7th Cir. 2009); *see also Anderson v. Credit Bureau Collection Services, Inc.*, 422 Fed. Appx. 534, 539 (7th Cir. 2011) ("This means [Plaintiff] is entitled to sue to enforce [the FDCPA's] provisions, even the "highly technical" ones . . .").

7.   "Because the FDCPA is designed to protect consumers, it is liberally construed in favor of consumers to effect its purpose." *Ramirez v. Apex Fin. Mgmt., LLC*, 567 F. Supp. 2d 1035, 1040 (N.D. Ill. 2008).

8.   "[C]laims against debt collectors under the FDCPA are to be viewed through the eyes of the 'unsophisticated consumer' . . . the standard is low, close to the bottom of the sophistication meter." *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996); *see also Gammon v. GC Servs. Ltd. P'ship,* 27 F.3d 1254, 1257 (7th Cir. 1994) ("an unsophisticated consumer standard protects the consumer who is uninformed, naive, or trusting, yet it admits an objective element of reasonableness.").

9. For the purpose of 15 U.S.C. § 1692f(6), a "debt collector" also includes "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests." 15 U.S.C. § 1692a(6).

10. The FDCPA prohibits such persons, such as tow operators or repossession companies, from taking or threatening to take any nonjudicial action to effect dispossession or disablement of property if there is no present right or intention to take possession of the property. 15 U.S.C. § 1692f(6).

## THE UNIFORM COMMERCIAL CODE

11. "Article 9 of the UCC is a comprehensive statutory scheme governing the rights and relationships between secured parties, debtors, and third parties." *McCullough v. Goodrich & Pennington Mortg. Fund, Inc.*, 373 S.C. 43, 53, 644 S.E.2d 43, 49 (2007).

12. Article 9 serves "to provide a simple and unified structure within which the immense variety of present-day secured financing transactions can go forward with less cost and with greater certainty." *Haas' Estate v. Metro–Goldwyn–Mayer, Inc.*, 617 F.2d 1136, 1140 (5th Cir. 1980).

13. After a default, the UCC gives secured parties the right to repossess collateral. *See* TEX. BUS. & COM. CODE § 9.609.

14. There is one restriction, however, which the law imposes upon this right. It must be exercised without provoking a breach of the peace; and, if a secured party finds that it cannot get possession without committing a breach of the peace, it must stay its hand, and resort to the law. *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 152 (Tex. 1992).

15. This is so because the preservation of peace, "is of more importance to society than the right of the owner of a chattel to get possession of it." *Willis v. Whittle,* 82 S.C. 500, 64

S.E. 410 (1909); *see also Singer Sewing Mach. Co. v. Phipps,* 49 Ind.App. 116, 94 N.E. 793 (1911) (quoting 3 William Blackstone, Commentaries *4) ("[T]his natural right of recaption shall never be exerted, where such exertion must occasion strife . . . or endanger the peace of society.").

## THE TEXAS DEBT COLLECTION ACT

16. In 1973, the Texas State Legislature enacted the Texas Debt Collection Act to "control and curtail the practices used in the collection of debt" which the legislature viewed unethical and harassing to consumers. *See* House Comm. on Judiciary, Bill Analysis, Tex. S.B. 252, 63rd Leg., R.S. (1973).

17. Like the FDCPA, the TDCA is a strict liability statute which does not require proof of actual damages in order to recover statutory damages under the Act. *See Marauder Corp. v. Beall*, 301 S.W.3d 817, 822 (Tex. App. 2009).

## BATTERY UNDER TEXAS COMMON LAW

18. Under Texas law, the elements of battery are: (1) a harmful or offensive contact; (2) with a plaintiff's person. *Doe v. Beaumont I.S.D.*, 8 F. Supp. 2d 596, 616 (E.D. Tex. 1998) (citing *Price v.* Short, 931 S.W.2d 677, 687 (Tex.App.—Dallas 1996, n.w.h.); *Fisher v. Carrousel Motor Hotel, Inc.,* 424 S.W.2d 627 (Tex.1967).

19. "[A]ctual physical contact is not necessary to constitute a battery, so long as there is contact with clothing or an object closely identified with the body." *Fisher v. Carrousel Motor Hotel, Inc.*, 424 S.W.2d 627, 629 (Tex. 1967).

## FALSE IMPRISONMENT UNDER TEXAS COMMON LAW

20. In Texas, "[t]he elements of false arrest and false imprisonment are similar enough to be indistinguishable." *Villegas v. Griffin Indus.,* 975 S.W.2d 745, 754 (Tex.App.—Corpus Christi 1998, no pet.).

21. In order to establish civil liability for false arrest or false imprisonment, a plaintiff must show a wrongful interference with his freedom. *Montgomery Ward & Co. v. Garza,* 660 S.W.2d 619, 621 (Tex.App.—Corpus Christi 1983, no writ). The elements of false arrest or false imprisonment are a willful detention of the person, against the consent of the person, without authority of law. *Randall's Food Mkts., Inc. v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995); *Sears, Roebuck & Co. v. Castillo,* 693 S.W.2d 374, 375 (Tex.1985).

22. "Although physical restraint is one way to establish a willful detention, it is not the only way." *Grant v. Stop-N-Go Mkt. of Texas, Inc.*, 994 S.W.2d 867, 872 (Tex. App. 1999) (citing *Johnson,* 891 S.W.2d at 645).

23. A willful detention may also be accomplished by violence, threats, or any other means that restrains a person from moving from one place to another. *Id*.

24. When a plaintiff alleges that a detention was effected by a threat, he must demonstrate the threat was such as would inspire a just fear of injury to his person, reputation, or property. *Id.*

## PARTIES

25. Plaintiff is a natural person who at all relevant times resided in Garland, Texas.

26. Plaintiff is allegedly obligated to pay a debt.

27. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

28. Lobel is a California Corporation.

29. Lobel regularly takes assignment of consumer automobile loans.

30. Lobel is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

31. Resolvion is a general partnership operating in Texas.

32. Resolvion is a partnership that at all relevant times was acting as a repossession agent working at the behest of Lobel.

33. At all relevant times, Resolvion was a partnership using instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

34. Resolvion is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

35. Resolvion is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

36. Elite is a Texas limited liability company.

37. At all relevant times, Elite was acting as a repossession agent working at the behest of Lobel.

38. At all relevant times, Elite was acting as a repossession agent working at the behest of Resolvion.

39. At all relevant times, Elite was an entity using instrumentalities of interstate commerce or the mails.

40. The principal purpose of Elite's business is the enforcement of security interests.

41. Elite is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

42. Elite is a "debt collector" as defined by TEX. FIN. CODE § 392.001(6).

## FACTUAL ALLEGATIONS

43. Prior to January 2022, Plaintiff purchased a 2011 Dodge Challenger (the "Vehicle") from a non-party.

44. Plaintiff purchased the Vehicle for his own personal family and household use.

45. The Vehicle constitutes "consumer goods" as defined by TEX. BUS. & COM. CODE § 9.102(a)(23).

46. Plaintiff purchased the Vehicle on credit.

47. In connection with the purchase and financing of the Vehicle, Plaintiff executed a retail installment sales contract ("RISC").

48. As part of the transaction, Plaintiff gave the holder of the RISC a security interest in the Vehicle.

49. The Vehicle constitutes "collateral" as defined by TEX. BUS. & COM. CODE § 9.102(a)(12).

50. After the RISC was executed, it was assigned to Lobel.

51. Lobel is a "secured party" as defined by TEX. BUS. & COM. CODE § 9.102(a)(73).

52. On or before January 19, 2022, Lobel engaged its repossession agent, Resolvion, to accomplish the repossession of the Vehicle.

53. Resolvion in turn hired Elite to accomplish the actual repossession.

54. On January 19, 2022, Plaintiff was working from home.

55. Around lunch time, Plaintiff took a break and went outside to smoke a cigar.

56. Because it was raining, Plaintiff elected to sit in his vehicle, which was inside his fenced and gated yard.

57. At this time, Elite went to Plaintiff's home to repossess the Vehicle.

58. While Plaintiff was smoking, Elite suddenly slammed its tow truck into the rear of the Vehicle.

59. The impact jerked Plaintiff's head and body forward and caused him to drop his lit cigar.

60. Plaintiff looked back and saw Elite's employee standing by his gate.

61. Plaintiff, still in the Vehicle, reached down and picked up his lit cigar.

62. As he did so, Elite lifted the Vehicle and began to move it.

63. Plaintiff immediately opened his door protested Elite's actions.

64. Plaintiff screamed to Elite's employee that he was still in the Vehicle.

65. Elite's employee responded that he did not care and that he was taking the Vehicle.

66. Plaintiff became frantic, he could not leave the Vehicle because it was up and moving.

67. Elite then continued to tow the Vehicle down the street while it was lifted in the air, and with Plaintiff still inside.

68. In so doing, Elite towed the Vehicle in an inherently unsafe manner and placed Plaintiff in clear risk of death or serious injury.

69. Moreover, towing the Vehicle in this manner ripped the Vehicle's bumper off.

70. Upon information and belief, Elite towed the Vehicle in this unsafe manner so that it could quickly transport Plaintiff away from his home and force him to cease his protest of the repossession.

71. Alternatively, upon information and belief, Elite towed the Vehicle in this unsafe manner so that it could more readily enlist the help of police officers in the repossession.

72. Elite's attempts to make a speedy getaway caused the Vehicle to roll over as Elite attempted to make a turn.

73. Plaintiff was still inside the Vehicle when it rolled over.

74. As a result, he was thrown around inside the Vehicle which twisted his neck and smashed his hand.

75. Plaintiff crawled out of the Vehicle dazed.

76. The police and paramedics were summoned and Plaintiff was treated for his injuries on the scene.

77. Plaintiff later went to the hospital for further treatment.

78. With the help of the local police, Elite completed the repossession.

79. As a result of Defendant's conduct, Plaintiff has suffered actual damages.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1692f(6)(A)
## ELITE

80. Plaintiff repeats and re-alleges each factual allegation contained above.

81. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace."  TEX. BUS. & COM. CODE § 9.609(b)(2).

82. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral.  *Id*.

83. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

84. Plaintiff confronted Elite's employee and loudly protested the repossession.

85. Once Plaintiff protested the repossession, Elite lost the right to continue with the repossession.

86. Nonetheless, Elite continued with its repossession and thereby breached the peace.

87. A repossession agent's use of force is a breach of the peace.

88. By colliding with and lifting the Vehicle while it was occupied, Elite used force on the body of Plaintiff during its repossession.

89. Elite breached the peace by using physical force on the body of Plaintiff during the repossession.

90. A repossession agent's breach of the peace negates a right to possession. *See Thomas v. GM Fin. Co.*, No. 5:19-CV-1418-DAE, 2020 U.S. Dist. LEXIS 251551, at *12 (W.D. Tex. Mar. 18, 2020).

91. When Elite breached the peace, it lost right to possession of the Vehicle.

92. Nonetheless, Elite continued with the repossession.

93. By continuing with its repossession after it lost the right to do so, Elite violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Elite violated 15 U.S.C. § 1692f(6)(A);

    b) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

    c) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    d) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

f) Awarding such other and further relief as the Court may deem proper.

### COUNT II
### VIOLATION OF 15 U.S.C. § 1692f(6)(A)
### RESOLVION

94. Plaintiff repeats and re-alleges each factual allegation contained above.

95. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

96. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

97. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

98. Plaintiff confronted Elite's employee and loudly protested the repossession.

99. Once Plaintiff protested the repossession, Elite lost the right to continue with the repossession.

100. Nonetheless, Elite continued with its repossession and thereby breached the peace.

101. A repossession agent's use of force is a breach of the peace.

102. By colliding with and lifting the Vehicle while it was occupied, Elite used force on the body of Plaintiff during its repossession.

103. Elite breached the peace by using physical force on the body of Plaintiff during the repossession.

104. A repossession agent's breach of the peace negates a right to possession.

105. When Elite breached the peace, it lost right to possession of the Vehicle.

106. Nonetheless, Elite continued with the attempted repossession.

107. By continuing with its repossession after it lost the right to do so, Elite violated 15 U.S.C. § 1692f(6)(A) by taking non-judicial action to effect dispossession of Plaintiff's property where the property was exempt by law from such dispossession.

108. As the debt collector that hired Elite, Resolvion is liable for Elite's FDCPA violation.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Elite violated 15 U.S.C. § 1692f(6)(A);

b) Adjudging that Resolvion as the debt collector that hired Elite is liable for Elite's FDCPA violation;

c) Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k(a)(2)(A), in the amount of $1,000.00;

d) Awarding Plaintiff actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

e) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action pursuant to 15 U.S.C. § 1692k(a)(3);

f) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

g) Awarding such other and further relief as the Court may deem proper.

## COUNT III

## VIOLATION OF TEX. BUS. & COM. CODE § 9.609
## LOBEL

109. Plaintiff repeats and re-alleges each factual allegation contained above.

110. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

111. However if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

112. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

113. Secured creditors have a nondelegable duty not to breach the peace when they repossess secured collateral. The courts may find them liable for the acts of independent contractors who breach the peace in the course of repossessing secured collateral. *See* Official Comment 3 to TEX. BUS. & COM. CODE § 9.609 ("In considering whether a secured party has engaged in a breach of the peace, however, courts should hold the secured party responsible for the actions of others taken on the secured party's behalf, including independent contractors engaged by the secured party to take possession of collateral."); *MBank El Paso, N.A. v. Sanchez*, 836 S.W.2d 151, 154 (Tex. 1992).

114. Lobel's repossession agents, Elite, breached the peace by continuing the repossession in the face of Plaintiff's confrontation and protest, by colliding with the Vehicle, lifting it, and towing it while Plaintiff occupied it.

115. Lobel violated TEX. BUS. & COM. CODE § 9.609(b)(2) when its repossession agents, Elite, breached the peace during its attempted repossession.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Lobel violated TEX. BUS. & COM. CODE § 9.609(b)(2);

    b) Awarding Plaintiff statutory damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(2);

    c) Awarding Plaintiff actual damages, pursuant to TEX. BUS. & COM. CODE § 9.625(c)(1);

    d) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    e) Awarding such other and further relief as the Court may deem proper.

## COUNT IV
## VIOLATION OF TEX. FIN. CODE § 392.301
## ALL DEFENDANTS

116. Plaintiff repeats and re-alleges each and every factual allegation contained above.

117. Texas law provides that secured parties may take possession of collateral without judicial action so long as there is no "breach of the peace." TEX. BUS. & COM. CODE § 9.609(b)(2).

118. However, if collateral cannot be repossessed without a breach of the peace, a party must get a court order to take possession of the collateral. *Id*.

119. A repossession agent breaches the peace if he continues with a repossession over a consumer's protest.

120. Lobel's repossession agent, Elite, engaged in illegal conduct by continuing its repossession after Plaintiff confronted Elite and protested the repossession.

121. Lobel's repossession agent, Elite, engaged in illegal conduct by breaching the peace during its repossession.

122. Lobel's repossession agent, Elite, engaged in illegal conduct by battering Plaintiff.

123. As the debt collectors that hired Elite, Resolvion is liable for Elite's conduct.

124. As the secured party hired that hired Elite (through Resolvion), Lobel is liable for Elite's conduct.

125. Lobel, Resolvion, and Elite violated TEX. FIN. CODE § 392.301(a)(8) by threatening to take and taking an action prohibited by law in connection with the collection of Plaintiff's alleged debt.

126. Lobel, Resolvion, and Elite violated TEX. FIN. CODE § 392.301(a)(1) by using or threatening to use violence or other criminal means to cause harm to Plaintiff.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

   a) Adjudging that Elite violated TEX. FIN. CODE § 392.301(a)(8);

   b) Adjudging that Elite violated TEX. FIN. CODE § 392.301(a)(1);

   c) Adjudging that Resolvion, as the debt collector that hired Elite, is liable for Elite's violation of TEX. FIN. CODE § 392.301(a)(8).

   d) Adjudging that Resolvion, as the debt collector that hired Elite, is liable for Elite's violation of TEX. FIN. CODE § 392.301(a)(1).

   e) Adjudging that Lobel, as the secured party that hired Elite (through Resolvion), is liable for Elite's violation of TEX. FIN. CODE § 392.301(a)(8).

   f) Adjudging that Lobel, as the secured party that hired Elite (through Resolvion), is liable for Elite's violation of TEX. FIN. CODE § 392.301(a)(1).

   g) Awarding Plaintiff injunctive relief pursuant to the TDCA;

   h) Awarding Plaintiff actual damages pursuant to the TDCA;

    i) Awarding Plaintiff reasonable attorneys' fees and costs incurred in this action;

    j) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

    k) Awarding such other and further relief as the Court may deem just and proper.

## COUNT V
## BATTERY
## LOBEL AND ELITE

127. Plaintiff repeats and re-alleges each factual allegation contained above.

128. Elite committed a battery when it collided with, lifted, and towed Plaintiff's vehicle while he occupied it.

129. Elite's actions in purposefully lifting the Vehicle and towing it while Plaintiff occupied it evidence that its actions in this matter were outrageous and guided by an evil mind.

130. Lobel, as the secured party that hired Resolvion and Elite, is liable for Elite's battery.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a) Adjudging that Elite committed a battery on the person of Plaintiff;

    b) Adjudging that Lobel, as the secured party that hired Elite is liable for its battery;

    c) Awarding Plaintiff his actual damages in an amount to be proved at trial;

    d) Awarding Plaintiff exemplary damages in an amount to be proved at trial

    e) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

    f) Awarding such other and further relief as the Court may deem proper.

## COUNT VI
## FALSE IMPRISONMENT UNDER TEXAS COMMON LAW
## LOBEL AND ELITE

131. Plaintiff repeats and re-alleges each and every factual allegation contained above.

132. Elite's repossession personnel trapped Plaintiff in the Vehicle.

133. Elite repossession personnel also did not allow Plaintiff to leave with the Vehicle.

134. Thus, Plaintiff could not leave the scene without his Vehicle—a most expensive possession—being taken from him.

135. Elite had no legal authority to confine Plaintiff within his Vehicle.

136. By trapping Plaintiff in his Vehicle, Elite falsely imprisoned Plaintiff, and as a result he suffered actual damages.

137. In falsely imprisoning Plaintiff, Elite acted with malice and/or gross neglect.

138. As the secured creditor that hired Elite, Lobel is liable for Elite's conduct.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Elite falsely imprisoned Plaintiff;

b) Adjudging that Lobel, as the secured creditor that hired Elite, is responsible for Elite's false imprisonment of Plaintiff;

c) Awarding Plaintiff actual damages;

d) Awarding Plaintiff exemplary damages;

e) Awarding Plaintiff any pre-judgment and post-judgment interest as permissible by the law; and

f) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

139. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: May 18, 2022

Respectfully submitted,


/s/ Russell S. Thompson IV

Russell S. Thompson IV
Thompson Consumer Law Group, PC
11445 E Via Linda, Ste. 2 #492
Scottsdale, AZ 85259
Telephone:  602-388-8898
Facsimile:  866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff